# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEMETRIUS R. HARGROVE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 98-20033-2-CM (Criminal) <br> 16-2567-CM (Civil) |

## MEMORANDUM AND ORDER

This case is before the court on defendant Demetrius R. Hargrove's pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 220.) Defendant claims that the sentence enhancement based on his career offender status under U.S.S.G. § 4B1.1, is unconstitutional in light of *Johnson*. For the reasons set forth below, this court dismisses defendant's motion.

Defendant filed his current § 2255 motion on June 27, 2016. The Tenth Circuit granted defendant's motion to file a successive § 2255 motion. However, the government moved to stay defendant's motion pending a decision from the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), and the court granted the stay.

Recently, the Supreme Court held in *Beckles*, that the residual clause under U.S.S.G. § 4B1. 2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Beckles*, 137 S. Ct. at 890 (holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886.

-1-

The court lifts the stay on defendant's case. However, the court finds that defendant's § 2255 motion is untimely. It was filed beyond one year from when defendant's conviction became final and *Beckles* foreclosed recognition of a new constitutional right applicable to defendant's case—thus, 28 U.S.C. § 2255(f)(3) cannot salvage defendant's motion. Defendant's § 2255 motion is dismissed.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Demetrius R. Hargrove's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 220) is dismissed.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 17th day of April, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
