**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**  )
                                )
      **Plaintiff,**  )
                                )
**v.**                          )
                                )    Case No. 98-20033-02
**DEMETRIUS R. HARGROVE,**      )            16-2567
      **Defendant.**   )
                                )

**MEMORANDUM AND ORDER**

On April 17, 2017, this court denied defendant Demetrius R. Hargrove's motion to vacate sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v. United* States, 135 S. Ct. 2551 (2015). (Doc. 224). Defendant filed a Motion to Reconsider Pursuant to Rule 59(e). (Doc. 225.) The court stayed briefing on that motion pending the Tenth Circuit's resolution of *United States v. Greer*, Case No. 16-1282 and *United States v. Mulay*, Case No. 17-3031. The Tenth Circuit has now decided both of these cases, and found that *Johnson* does not apply to mandatory guidelines cases on collateral review.

Defendant recognizes that the court is bound by these cases and cannot grant the relief that defendant seeks. Defendant acknowledges that the court must deny his motion. He does ask, however, that the court grant a certificate of appealability on the underlying denial of habeas relief.

Rule 11 of the rules governing § 2255 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. § 2255. A defendant must make a "substantial showing of the denial of a constitutional right" in order for the district court to issue a certificate of appealability. § 2253(c)(2). A defendant may meet this burden by "showing that reasonable jurists could debate whether (or, for that matter agree that) the

-1-

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). A defendant must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Barefoot*, 463 U.S. at 893). The court must "indicate which specific issue or issues satisfy the showing required . . . ." § 2253(c)(3). If the district court denies a certificate, the parties may seek a certificate from the Tenth Circuit.

Defendant suggests that he should be granted a certificate of appealability because the circuits are split on whether the Supreme Court's decision in *Johnson* should apply to identical language in § 4B1.2. The court agrees. As defendant notes, whether his petition will ultimately prevail in this circuit is irrelevant to whether a certificate should be granted. The petition is not frivolous as there is a circuit split on the issue of whether the *Johnson* decision should entitle individuals sentenced under § 4B1.2, while the guidelines were mandatory, to retroactive collateral review of their sentences. The court grants defendant's request for a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Pursuant to Rule 59(e) (Doc. 225) is denied, but the court grants defendant's request for a certificate of appealability on the denial of the underlying habeas petition.

Dated this 12th day of July, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**